UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>      Plaintiff,<br><br>v.<br><br>**WILLIAM SMALLWOOD**<br>      Defendant | CRIMINAL NO. 04-10017-GAO |

**DEFENDANT'S MOTION TO EXTEND THE TIME TO FILE A SENTENCING MEMORANDUM AND A MOTION FOR DOWNWARD DEPARTURE**

Now comes the defendant and requests that this court extend the time for filing a sentencing memorandum and a motion for downward departure until January 18, 2005. The defendant suggests that the time, now scheduled for a sentencing hearing (January 5, 2005 at 2:00 P.M.), be used as a pre-sentencing hearing to clarify and sharpen the focus of the outstanding sentencing issues.

In support of this motion, the defendant states there is good cause for the extension. The sentencing issues are complicated and extraordinary. Defendant's counsel has recently been engaged in two lengthy trials. The defendant needs additional time for research and briefing.

The defendant believes that the case presents, at least, the following sentencing issues:

(a) Because no sentencing guideline has been expressly promulgated for the crime of contempt, and because the defendant did not plead guilty to an indictment that

contained language referencing an analogous offense, how does <u>Blakely v. Washington</u> affect the determination and calculation of the defendant's base offense level?

(b) Assuming application of the sentencing guidelines in some fashion, what is the most analogous offense guideline?  Is the most analogous offense guideline obstruction of justice as the government and probation suggest or failure to appear as a material witness as the defendant suggests or the "middle ground" of misprision of a felony?

(c) Assuming that the most analogous offense is obstruction of justice, what, if any, enhancements apply?  Should the defendant's offense level be increased by three points because his refusal to testify resulted in a substantial interference with the administration of justice within the meaning of U.S.S.G. §2J1.2(b)(2)?  Should the defendant's offense level be increased by four points because he knew or should have known that Jason Brown was a convicted felon in possession of 8-24 firearms within the meaning of U.S.S.G. §2X3.1(a)(1) and §2K2.1(b)(1)(B)?

(d) Should the court downwardly depart based on the defendant's contentions that his criminal history category overstates the severity of his criminal history; that punishment for his refusal to testify in front of the grand jury amounts to duplicative punishment for similar conduct; that he should be given a downward departure for the time spent in state custody following his parole eligibility date because Massachusetts will not parole him to an open federal case and the federal case has remained open because of his attorney's scheduling conflicts ?

The defendant believes that the parties will contest some, if not all, of the above issues.  The defendant's counsel has recently been engaged in two first -degree murder

trials in state court. The first trial began on or about September 9, 2004 and concluded on October 18, 2004. The second trial began on November 10, 2004 and concluded, with a jury verdict on December 16, 2004 and a sentencing hearing on December 22, 2004. Consequently, defendant's counsel was unable to devote the time necessary to fully research and brief the outstanding sentencing issues. The defendant contends that his request is reasonable given his counsel's recent trial engagements and the extraordinary sentencing issues raised in this case.

                                        WILLIAM SMALLWOOD
                                        By his attorney,

Date: January 4, 2005          /s/ Randy Gioia
                                        Randy Gioia
                                        BBO #193480
                                        LAW OFFICE OF RANDY GIOIA
                                        24 School Street- 8th Floor
                                        Boston, MA 021108
                                        (617) 367-2480